# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 22-CV-05761-PKC-CLP |
| Plaintiff, | |
| v. | |
| MATTHEW NICOSIA et al., | |
| Defendants. | |

## [PROPOSED]
## FINAL JUDGMENT AS TO DEFENDANT MATTHEW NICOSIA

The Securities and Exchange Commission having filed a Complaint and Defendant
Matthew Nicosia having entered a general appearance; consented to the Court's jurisdiction over
Defendant and the subject matter of this action; consented to entry of this Final Judgment
without admitting or denying the allegations of the Complaint (except as to jurisdiction and
except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of
law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the
Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5
promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

(i)      to employ any device, scheme, or artifice to defraud;

(ii)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(iii)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(i)      to employ any device, scheme, or artifice to defraud;

(ii)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(iii)    to engage in any transaction, practice, or course of business which operates or

2

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. §

77e] by, directly or indirectly, in the absence of any applicable exemption:

(i)     Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(ii)    Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(iii)   Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited for five years following the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is prohibited for five years following the date of entry of this Final Judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $526,050 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $46,311, and a civil penalty in the amount of $223,229 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $795,590 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Matthew Nicosia as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Nicosia shall satisfy his monetary obligation by paying $795,590 in 4 installments to the Commission according to the following schedule: (1) $200,000, within 30 days of entry of this Final Judgment; (2) $198,530 within 120 days of entry of this Final Judgment; (2) $198,530 within 210 days of entry of this Final Judgment; and (4) $198,530 within 300 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Nicosia shall contact the staff of the Commission for the amount due for the final payment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  April 4, 2023
        Brooklyn, NY

                              /s/ Pamela K. Chen
                              UNITED STATES DISTRICT JUDGE

8

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 22-CV-05761-PKC-CLP |
| v. | |
| WILLIAM "ROCKY" REININGER et al. | |
| Defendants. | |

[PROPOSED]

### FINAL JUDGMENT AS TO DEFENDANT WILLIAM "ROCKY" REININGER

The Securities and Exchange Commission having filed a Complaint and Defendant William "Rocky" Reininger having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (i)  to employ any device, scheme, or artifice to defraud;

     (ii)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (iii)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (i)       to employ any device, scheme, or artifice to defraud;

     (ii)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (iii)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(i) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(ii) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(iii) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited for five years following the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is prohibited for five years following the date of entry of this Final Judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $272,000 representing net profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $23,940, and a civil penalty in the amount of $80,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $375,940 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; William "Rocky" Reininger as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

6

to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reininger shall satisfy his monetary obligation by paying $375,940 in 4 installments to the Commission according to the following schedule: (1) $93,985, within 30 days of entry of this Final Judgment; (2) $93,985, within 120 days of entry of this Final Judgment; (2) $93,985, within 210 days of entry of this Final Judgment; and (4) $93,985, within 300 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Reininger shall contact the staff of the Commission for the amount due for the final payment.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  April 4, 2023
       Brooklyn, NY


                                    */s/ Pamela K. Chen*
                                    UNITED STATES DISTRICT JUDGE

8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                       Plaintiff,

     v.

RONALD TOUCHARD et al.,

                    Defendants.

Case No. 22-CV-05761-PKC-CLP

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT RONALD TOUCHARD

The Securities and Exchange Commission having filed a Complaint and Defendant
Ronald Touchard having entered a general appearance; consented to the Court's jurisdiction over
Defendant and the subject matter of this action; consented to entry of this Final Judgment
without admitting or denying the allegations of the Complaint (except as to jurisdiction and
except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions
of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the
Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5
promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

     (i)       to employ any device, scheme, or artifice to defraud;

    (ii)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (iii)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (i)       to employ any device, scheme, or artifice to defraud;

    (ii)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (iii)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is prohibited for five years following the date of entry of this Final Judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $7,400 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $830, and a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $58,230 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Ronald Touchard as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30

days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Touchard shall satisfy his monetary obligation by paying $58,230 in 4 installments to the Commission according to the following schedule: (1) $14,558 within 30 days of entry of this Final Judgment; (2) $14,558 within 120 days of entry of this Final Judgment; (2) $14,558 within 210 days of entry of this Final Judgment; and (4) $14,558 within 300 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Touchard shall contact the staff of the Commission for the amount due for the final payment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  April 4, 2023
        Brooklyn, NY

                                    _/s/ Pamela K. Chen_____
                                    UNITED STATES DISTRICT JUDGE